**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA PLAINTIFF

v. NO. 4:10CR00165-02 JLH

DAVID FRANCO-TINAJERO DEFENDANT

## OPINION AND ORDER

David Franco-Tinajero has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Rule 4 of the Rules Governing Section 2255 Proceedings provides that the Clerk must promptly forward the motion to the judge who conducted the proceedings being challenged. The judge must then promptly examine the motion. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief, the judge must dismiss the motion and direct the Clerk to notify the moving party.

Franco-Tinajero was indicted on one count of conspiring to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine and one count of possessing with intent to distribute at least 50 grams but less than 500 grams of a mixture or substance containing methamphetamine. Franco-Tinajero entered into a plea agreement pursuant to which he pled guilty to the conspiracy count and the government dismissed the possession count. The plea agreement included a stipulation that the quantity of methamphetamine mixture involved was at least 500 grams but less than 1.5 kilograms.

Pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, Franco-Tinajero was subject to a mandatory minimum sentence of ten years imprisonment to be followed by supervised release of not less than five years. His base offense level was 32. Franco-Tinajero was given three points for acceptance of responsibility, which reduced the offense level to 29. There were no criminal history

points, so the criminal history category was I. Based on an offense level of 29 and a criminal history category of I, the guideline imprisonment range would have been 87 to 108 months, except that that range was below the statutory minimum of ten years. The Court imposed the statutory minimum sentence of ten years imprisonment.

Franco-Tinajero appealed and argued that his sentence was substantively unreasonable. The Eighth Circuit affirmed stating:

> Based on his plea-agreement stipulations, Franco-Tinajero received the statutory mandatory minimum sentence applicable to his offense. Accordingly, we reject his argument that the sentence is substantively unreasonable.

Franco-Tinajero now asserts that his lawyer was ineffective at the sentencing hearing in two respects. First, Franco-Tinajero asserts that his lawyer was ineffective because he did not request a reduction in the sentence based on a memorandum from the Attorney General stating that the United States Attorney can offer up to two points of a downward departure if the defendant accepts a final deportation order. Franco-Tinajero's second contention is not entirely clear. It appears that he contends that his lawyer was ineffective because he failed to argue that Franco-Tinajero should be deported in lieu of imprisonment pursuant to 28 U.S.C. § 3583(d).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S. Ct. at 2065. Because of the distorting effects of hindsight and the difficulty of viewing counsel's

representation of the client from the perspective available to defense counsel at the time of trial, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Proving that the deficient performance prejudiced the defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S. Ct. at 2068-69. In determining whether there is a reasonable probability that but for counsel's mistakes the result would have been different, the Court must consider the totality of the evidence before the judge or the jury. *Id.* The *Strickland* two-part standard also applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). When the claim of ineffective assistance of counsel arises out of the plea process, the prejudice element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* An increased prison term may constitute prejudice under the *Strickland* standard. *Glover v. United States*, 531 U.S. 198, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

The record in this case conclusively demonstrates that Franco-Tinajero's lawyer was not ineffective for failing to make the arguments that Franco-Tinajero contends in his 2255 petition should have been made. As noted, Franco-Tinajero was sentenced to the statutory minimum. His lawyer was not ineffective for failing to argue for a sentence lower than the statutory minimum because the Court had no discretion to impose such a sentence. By the same token, if Franco-

Tinajero's lawyer had argued for a sentence below the statutory minimum, the Court would of necessity have rejected that argument. Thus, the record conclusively establishes that Franco-Tinajero's lawyer did not make an error in failing to assert the arguments that Franco-Tinajero now contends should have been made and the record conclusively established that if such an argument had been made it would not have altered the outcome of the plea process. Franco-Tinajero cannot establish either prong of the *Strickland v. Washington* test.

Franco-Tinajero's second point is, as noted, not entirely clear. It appears that he is contending that his lawyer should have argued for immediate deportation instead of imprisonment. Franco-Tinajero appears to say that 18 U.S.C. § 3583(d) may be used to effect a defendant's deportation. If that is his argument, he is mistaken. Section 3583(d) provides that, if an alien is subject to deportation, the Court may order as a condition of supervised release that he be deported and if deported he remain outside of the United States. That condition was included in Franco-Tinajero's conditions of supervised release. Section 3583(d) does not provide that a district court may order that an offender be deported. Moreover, assuming that Franco-Tinajero contends that his lawyer should have argued that he be deported in lieu of a term of imprisonment, that argument is foreclosed by the fact that Franco-Tinajero had a mandatory minimum sentence of ten years imprisonment. The record conclusively establishes that Franco-Tinajero is not entitled to relief on his second claim.

For the reasons stated, David Franco-Tinajero's motion under 28 U.S.C. § 2255 is DENIED. Document #142. The motion is dismissed with prejudice. Franco-Tinajero has failed to make a substantial showing that he was denied any constitutional right, so no certificate of appealability will

be issued. The Clerk is directed to send a copy of this Opinion and Order, along with the Judgment, to Franco-Tinajero.

IT IS SO ORDERED this 2nd day of August, 2012.

J. Leon Holmes

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE